HARTMAN FURNITURE AND CARPET COMPANY, Appellant, vs. KRIEGER, Respondent.

*January 9—January 26, 1909.*

*Sales: Executory contracts: Construction: Pleading: Complaint: Demurrer: Remedies of seller: Action for purchase price.*

1. Where the gravamen of a complaint is to recover the purchase price of goods on an executory contract of sale, and the complaint clearly states a good cause of action for that purpose, on demurrer no construction is permissible which would make incidental provisions of the contract, plainly intended to secure performance of the principal obligation, paramount to such principal obligation.

2. An executory contract for the sale of household goods, which authorizes the seller to apply partial payments as rent and, at the same time, retake and resell the goods and refuse to account for the proceeds of such sale over and above the balance due upon the contract, even if incapable of enforcement, does not prevent the collection of the unpaid purchase money by an action at law, where the goods have not been retaken and are in the possession of the purchaser.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

The appeal is from an order sustaining a demurrer to an amended complaint.

For the appellant there was a brief by *Glicksman & Gold,* and oral argument by *W. L. Gold.*

Among other references upon the part of the appellant were the following: *Willes v. Smith,* 77 Wis. 81, 45 N. W. 666; *Manson v. Dayton,* 153 Fed. 258; *Hervey v. Rhode Island L. Works,* 93 U. S. 664; *J. I. Case T. M. Co. v. Folger,* 136 Wis. 468, 117 N. W. 944.

For the respondent there was a brief by *H. V. Kane* and *F. H. Gugel,* and oral argument by *Mr. Kane.*

Among other references upon the part of the respondent were the following: *Green Bay & M. C. Co. v. Hewett,* 55 Wis: 96, 12 N. W. 382; 9 Cyc. 590, 591; *Jacobs v. Spalding,* 71 Wis. 177, 36 N. W. 608; *Weidner v. Standard L. & A. Ins. Co.* 130 Wis. 10, 110 N. W. 246; *Heryford v. Davis,* 102 U. S. 235; *Harkness v. Russell,* 118 U. S. 663, 7 Sup. Ct. 51; *Levis v. Black River Imp. Co.* 105 Wis. 391, 81 N. W. 669; *Carberry v. German Ins. Co.* 51 Wis. 605, 8 N. W. 406; sec. 2684, Stats. (1898).

TIMLIN, J.   The amended complaint sets forth two separate causes of action.   An order was made striking out the second cause of action.   This order is not appealed from and is not before this court for review.   It is argued that the demurrer applied to both causes of action and that the order sustaining the demurrer, which is of even date with the order striking out the second cause of action, must be considered as sustaining the demurrer to both causes of action.   We find it unnecessary to determine this, and shall consider the order sustaining the demurrer as applicable to the first cause of action not stricken out.   That cause of action avers the corporate existence of the plaintiff and "that on or about the 11th day of September, A. D. 1906, at the said city, this plaintiff delivered from its stock of furniture to the said de-

fendant, at his special instance and request, the articles of furniture and the goods and chattels described in the annexed writing, which is hereby referred to, made a part hereof, and marked 'Exhibit A,' and that on or about the said 11th day of September, A. D. 1906, said defendant *Sol. Krieger* signed said writing and delivered the same to this plaintiff," etc. It is also averred that the goods and chattels in question are now, and have been since the last-mentioned date, in the possession of the defendant, and that the defendant has failed and neglected, after request, to pay the sum of $332.65, except the sum of $133 which has been paid, and also failed, neglected, and refused to pay the sum of $18 which became due on the 11th day of February, A. D. 1907, and failed to pay such subsequent monthly instalment of $18, and that the plaintiff elected to declare the whole unpaid balance due, and that said balance or remainder did thereupon become due and payable before the commencement of the action.

The contract, which is made a part of the complaint, so far as material here, is as follows:

"Know all men by these presents that *Sol. Krieger* of the city of Milwaukee, county of Milwaukee, and state of Wisconsin, hereinafter called the party of the first part, has received of *Hartman Furniture & Carpet Company,* a corporation of Milwaukee, Wisconsin, hereinafter called the party of the second part, the following described goods and chattels [goods described], delivered to the party of the first part under a bargain for the sale thereof and for which the party of the first part promises to pay at the office of said *Hartman Furniture & Carpet Company,* the party of the second part, in said city of Milwaukee, Wisconsin, $332.65 when the same shall become due and payable, as follows, viz.: $75 at the signing of this instrument, $——— on delivery, and the balance of $257.65 in payments of $18 payable on the 11th day of each month until the whole amount is fully paid; it being understood and agreed that all payments made as above provided or otherwise, by said first party to said second party, shall be first applied to payment of goods purchased subsequent to date hereof, if any, under

the same ledger number, and until such subsequent purchases shall be fully paid for, and if there be no such subsequent purchases, or if the same be fully paid, then all such payments to be applied as herein provided. . . . And it is expressly understood that the said second party neither parts with, neither does the party of the first part acquire, any title to said property whatever until the said and above-mentioned amount is paid in full. And it is agreed that the party of the first part shall forfeit whatever sum is paid on the above amount and the same shall be applied as rent for the use of the above-described goods unless the full amount is paid according to the terms thereof and this agreement fully complied with by the party of the first part."

Further provisions forbidding the removal of property from the present residence of the party of the first part; forbidding the sale, assignment, mortgage, or disposal of the property by the latter without written consent; an agreement for the latter to insure, and keep insured, against loss by fire—loss, if any, payable to the party of the second part; authority to the party of the second part in default of this to procure insurance; and a provision that in case of default in the payment of the above-named sums, or any part thereof, or in case of default in any conditions of the agreement, or in case the party of the second part should feel itself insecure or unsafe, etc., the whole amount still unpaid should at once become due and payable,—cover all features of this contract proper to be considered in determining whether or not the first count in the complaint states a good cause of action.

The case is presented as if the contract in question must be either a conditional sale or a lease of the chattels. This view is too narrow. Contracts admit of infinite variety, and they are all valid except where lacking a consideration, lacking parties or capacity, lacking mutual assent, or contrary to rules of law or subversive of public morals. The question here is rather upon the construction than upon the validity of the agreement. The contract in question contains all the

elements of an executory contract of sale. There is the agreement to pay the purchase money upon one hand, and the agreement to sell and transfer the title upon such payment on the other hand. This is the controlling or dominant feature of the contract. Added to this are several subordinate provisions: (1) Delivery to the purchaser shall take place at once and prior to the completion of payment; (2) title to the goods sold shall, notwithstanding the delivery, remain in the seller until payment is completed; (3) if the purchaser fail to complete his payments, the seller to have the right to retake the goods, giving the purchaser no credit thereon for partial payments made, but treating these payments as rent for the use of the goods; (4) if the buyer purchase other goods from the same seller, the partial payments provided for are to be applied first on the other goods so purchased.

This case does not involve any question of the validity or enforceability of the provision forfeiting or applying as rent the partial payments, and upon this question we express no opinion. Neither does it involve any question with reference to the validity or enforceability of the provision requiring the partial payments to be applied on the later purchases, and upon this we express no opinion. But, whether enforceable or not, the presence of these stipulations in the contract in no wise deprives it of its character of a contract of sale. The gravamen of the complaint is to recover the purchase price of goods on a contract of sale, and the complaint clearly states a good cause of action for that purpose. No construction of this contract which would make the provision for retaking the goods, or the provision for forfeiture of partial payments, or the provision for applying in the contingency mentioned these partial payments as rent, override or control the dominant features of sale and promise to pay, would be permissible. This would be to make the incidental provisions, plainly intended to secure performance of the principal

obligation, paramount to such principal obligation. It may be that the plaintiff could not apply the partial payments as rent and at the same time retake and resell the goods and refuse to account for the proceeds of such sale over and above the balance due upon the contract of sale. But inability of the plaintiff to do this, if it be granted, in no way militates against its right to collect the remainder of purchase money unpaid by action at law upon contract when the goods have not been retaken but are in the possession of the defendant.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings according to law.